# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION AT MEMPHIS

GARLAND KIMBLE, and
LOTTIE KIMBLE, individually and
As husband and wife,

    Plaintiffs,

v.                                                            Case No.: _____

UNITED STATES OF AMERICA,
UNITED STATES OF AMERICA, d/b/a
Veterans Affairs Medical Center – Memphis, a/k/a
VA Hospital - Memphis

    Defendants.

## COMPLAINT

## INTRODUCTION

1.    COMES NOW, Plaintiffs, Garland and Lottie Kimble, individually, and as husband and wife, pursuant to the amendments to the Tennessee Healthcare Liability Act particularly T.C.A. 29-26-101, *et seq.* effective October 1, 2008, in compliance with the Federal Tort Claims Act ("FTCA") sections 1346(b) and 2671-2680 title 28, United States Code and brings this Health Care Liability action for their individual claims. Plaintiffs are bringing this action against the Defendants, United States of America and United States of America d/b/a Veterans Affairs Medical Center – Memphis, a/k/a VA Hospital Memphis, for the violations of the medical standard of care that occurred in Shelby County, Tennessee beginning in January of 2021 and first discovered, at the earliest, on February 18, 2021, consisting of acts and omissions of medical negligence by the medical personnel/staff providing medical care, treatment and services to Plaintiff, Garland Kimble at the Memphis VA Medical Center located in Memphis, Shelby County, Tennessee.  These violations of the medical standard of care occurred in Memphis, Shelby County, Tennessee in January of 2021 and were first discovered, at the earliest, on February 18, 2021, consisting

of acts and omissions constituting medical negligence that were the direct and proximate cause of the personal injuries, deterioration of health that Mr. Kimble has suffered and the other injuries suffered by Plaintiffs, Garland and Lottie Kimble.

2. At the time of the alleged acts and omissions giving rise to this Health Care Liability action the care providers including those identified in this Complaint upon information and belief were employees, agents, servants and/or representatives of the Defendants, United States of America and United States of America d/b/a Veterans Affairs Medical Center – Memphis, a/k/a VA Hospital - Memphis and provided medical care, treatment and services to said Defendants' patient, Plaintiff, Garland Kimble.

**PARTIES, VENUE AND JURISDICTION**

3. At all times pertinent to this matter Plaintiffs, Garland and Lottie Kimble were husband and wife and were residents of the state of Tennessee, legal citizens of the United States of America. Mr. Garland Kimble is a veteran of the United States Military and as such was entitled to receive health care at the Memphis VA Medical Center.

4. All of the medical care, treatment, and services giving rise to this cause of action were provided to Garland Kimble at the Memphis VA Medical Center and rendered by the medical personnel/staff of said Defendants as set out below and later identified or discovered in the medical files, charts and records of Garland Kimble maintained by the Defendants' custodians, agents, servants, employees and representatives.  Therefore, all medical care and treatment was provided in Memphis, Shelby County, Tennessee.

5. The Defendant, United States of America is a governmental entity that among other things has taken on the responsibility of providing medical care, treatment and services to its veterans/patients who have served in the Armed Forces at various medical facilities known as VA Medical Centers and/or VA Hospitals.  This Defendant, United States of America d/b/a Veterans Affairs Medical Center – Memphis

owned and operated the medical facility known as Memphis VA Medical Center located in Memphis, Shelby County, Tennessee and engaged in the business of providing medical care, treatment and services to its veterans/patients including Plaintiff, Garland Kimble by employing and contracting with physicians, residents, nurses, technicians, assistants, therapists, specialized skilled medical professionals, medical personnel/staff and administrative staff. Therefore, any act or omission of medical negligence on the part of the care providers of Garland Kimble, if they are found guilty, should be imputed to the named Defendants, United States of America and United States of America d/b/a Memphis VA Medical Center under the legal theory/doctrine of *Respondeat Superior* based on the employee, servant, agent and/or representative relationship of the medical care providers with the United States of America and United States of America d/b/a Memphis VA Medical Center. Defendants may be served with service of process as directed on the Summonses issued in this Cause.

6.     Plaintiffs further allege that an agency relationship existed between all of the care providers of Garland Kimble, while at the Memphis VA Medical Center, with the named Defendants in their duties and responsibilities as the care providers of the veterans/patients based on the employees, agents, servants and/or representatives relationship therefore any act or omission of medical negligence on the part of any one care provider of Garland Kimble, if found guilty, should be imputed to the other care providers, included but not limited to the care providers identified in this Complaint, under the legal theory/doctrine of *Respondeat Superior*.

7.     All medical care and treatment applicable to Plaintiffs' cause of action against the named Defendants, their agents, servants, employees and/or representatives being the care providers of Garland Kimble occurred at the Memphis VA Medical Center or outlying VA Clinics in Memphis, Shelby County, Tennessee and was provided by the treating medical personnel/staff, employees, agents, servants, and/or

representatives of the United States of America and United States of America d/b/a Memphis VA Medical Center.

8. Venue and jurisdiction are proper before this Court based on the original and exclusive jurisdiction conferred by the FTCA. This is a FTCA claim arising from acts or omissions constituting medical negligence that occurred in Memphis, Shelby County, Tennessee. Additionally, this Complaint is filed pursuant to the FTCA, section 1346(b) *et seq*. Title 28, U.S.C. which provides that a tort claim that is administratively denied or that has failed to be denied within 6-months may be presented to a Federal District Court for judicial consideration, and therefore presents a Federal Question. Such a suit must be initiated within six months after the date of the mailing of the notice of final denial as shown by the date of this letter (section 2401(b), Title 28 U.S.C.).

9. Previously, Plaintiffs filed their FTCA claims by letters dated February 6, 2023 sent via FedEx, that date, to the Department of Veterans Affairs Office of General Counsel and was received as documented by the FedEx tracking on February 7, 2023, signed for by T. Goodwin. Further, Plaintiff received a letter dated March 22, 2023 from the VA, confirming receipt of the February 6, 2023 correspondence as of February 7, 2023. Plaintiffs' claims were denied by letter dated August 24, 2023.

10. Plaintiffs allege that this Court has jurisdiction of this Cause pursuant to the FTCA, Title 28, U.S.C. section 1346(b) *et seq*. and this Court's pendent or supplemental jurisdiction pursuant to 28 U.S.C. 1367 *et seq*.

11. Plaintiffs are exercising their right to file suit in accordance with the FTCA, Sections 1346(b) and 2671-2690, title 28 U.S.C., which provides a tort claim that is administratively denied by or has not been denied within 6 months of receipt may be presented to a Federal District Court for judicial consideration with said suit to be initiated within six months after the date of the mailing of the notice of final denial. The final denial letter was received on August 24, 2023.

12.     Plaintiffs aver that they have complied with state law requirements for commencing a health care liability action by having fully complied with the Health Care Liability Act, T.C.A. 29-26-121 and T.C.A. 29-26-122, as evidenced by the filing of the appropriate documents and pleading with the Court. Specifically, pursuant to T.C.A. 29-26-121 a Certificate of Mailing is attached along with the Affidavit of Christopher W. Lewis who mailed the notice letters. Additionally, pursuant to T.C.A. 29-26-122 the Certificate of Good Faith is also filed contemporaneously with this Complaint.

13.     Plaintiffs will further show that the kind of injuries they have sustained were foreseeable and preventable and would not have occurred except for the acts and omissions constituting medical negligence on the part of the named Defendants, their agents, servants, employees and/or representatives in their individual and joint medical care and treatment of Plaintiff, Garland Kimble as set out herein.

14.     This is a Complaint for Health Care Liability alleging medical negligence on the part of the named Defendants, their agents, servants, employees and/or representatives, being the care providers of Garland Kimble at the Memphis VA Medical Center at Memphis, Shelby County, Tennessee resulting in the personal injuries, and the deterioration of health that would not have otherwise occurred but for the negligence on the part of the care providers as set out more fully in this Complaint.

## FACTS

15.     The chain of events giving rise to this cause of action began on or about January 11, 2021 when Mr. Kimble presented to the VA Hospital – Memphis for Mr. Kimble presented to the VA Hospital - Memphis for a podiatry appointment. On this day, Mr. Kimble was seen by Dr. Maten Lazar in the Podiatry department at the VA Hospital Memphis. Dr. Lazar noted that Mr. Kimble had painful Left foot calluses. Dr. Lazar noted that Mr. Kimble had diminished Left and Right pulses and had an absent Right PT pulse. Dr. Lazar also documented Mr. Kimble's ankle pressures. The Right was noted to 129 mm/Hg and Left Ankle was 85 mm/Hg. It was also noted that Mr. Kimble did not have an ulcer, no signs of

infection or cellulitis. It was noted that Mr. Kimble was a Level 2 moderate risk for amputation due to his loss of protective sensation and/or diminished pulses, foot deformity, minor foot infection, DM dx. Dr. Lazar noted that he reduced callus x 3 without incident. He also documented a small pressure ulcer as 4 x mm sub Left 1st metahead.

16. Dr. Lazar next saw Mr. Kimble on January 26, 2021 at 09:51 at the VA Hospital Memphis Podiatry department. At this visit it was noted that Mr. Kimble was there for follow up on an ulcer at the Left 1st metahead that measures approximately 4mm x 5mm and is superficial. Dr. Lazar noted that he shaved callus surrounding ulcer and applied cadexomer and a bandage. He also charted that he provided Mr. Kimble with grey ring pads to use until his multidensity inserts come in. Dr. Lazar also documented that he prescribed Mr. Kimble bacitracin and told him to come back to the clinic in 2-months or sooner if needed.

17. Mr. Kimble was next seen at the VA Hospital – Memphis on February 7, 2021 at 15:00. He was seen in the ED and triaged by William Simmons and Claribel Reyes Morales, RN. Mr. Simmons noted that Mr. Kimble's chief complaint was chills/fevers/tremors x 1 day. Mr. Simmons noted Mr. Kimble's vitals as temp. of 100.7, Pulse 93, RR 17, BP 202/92 with pain at a 6. Nurse Morales noted that Mr. Kimble had pain in his legs that was a 2 and that was aching. She noted that Mr. Kimble had callus that has split. Nurse Morales also noted that at 16:43 she educated Mr. Kimble on the medications he was to receive including Labetalol 20 mg and acetaminophen. Nurse Morales noted that the labetalol was put on hold because of the patient's blood pressure and that the MD was notified and aware.

18. Dr. Madhrita Bakshi, M.D. was noted to be Mr. Kimble's ED provider on 2/7/2021. Dr. Bakshi noted that Mr. Kimble's chief complaint was Fever and Chills with temps of 99 and 100.5. It is noted that Mr. Kimble had sinus congestion that was mostly frontal and that Mr. Kimble had not been eating well the past few days. Vitals on 2/7/2021 at 15:21 were noted to be 100.7, P 93, RR 17, BP 202/92. It was

6

documented that Mr. Kimble had frontal sinus tenderness – no deformities, rashes, lesions or ulcerations. Mr. Kimble's WBC was documented as 11.93 HIGH. Dr. Bakshi diagnosed Mr. Kimble with sinusitis, dehydration, and uncontrolled benign essential hypertension. It was documented that the following meds were given: 1 Liter normal saline and labetalol 20 mg, IV (in ER) and cefdinir 300 mg 1 tablet twice daily for 7 days, probiotic, and tylenol. Dr. Bakshi noted that he forwarded his ED note to Mr. Kimble's PCP Dr. Dagogo Jack. Dr. Bakshi, M.D. noted that he treated Mr. Kimble for Sinusitis and gave him prescriptions for Cefdinir 300 mg, a probiotic and Tylenol and discharged him home. Mr. Kimble's discharging vitals were taken by Claribel Reyes, Morales, RN and noted to be, Temp. 99.0, BP 141/67, P 80, RR 15 and O2 98%. Mr. Kimble's complaints about the pain in his legs and the callus that had split open were not addressed in the medical records.

19. Subsequently, on February 10, 2021 at 16:06 Nurse Kathy Johnson, RN documented that she spoke with Mr. Kimble. She documented that Mr. Kimble's left foot was swollen that he had lots of pain since callus removal. It is also noted by Nurse Johnson, that Mr. Kimble lost his balance when he put pressure on the foot and that this has caused him to fall 4 times in the past week. She also noted that Mr. Kimble's pain was a 6 in his left foot that is sharp, shooting, with tightness and is progressively worse. Nurse Johnson recommended that Mr. Kimble come to the ED.

20. On February 12, 2021, Mr. Kimble presented to the ED at the Memphis VA Hospital. He was triaged by Crystal Farmer at 14:17. She noted that Mr. Kimble arrived in a wheelchair and was complaining of a callus on his Left foot that had split open with numbness and tingling. She noted that Mr. Kimble had fallen 3 times due to his leg giving out. She noted that Mr. Kimble's vitals were, temp. 98.7, P 96, RR 14, BP 105/78. Later it was determined that Mr. Kimble's WBC was 11.72 which was noted to be high.

21. Mr. Kimble's ED provider on the 12th was noted to be Dr. Chandrakent Patel, M.D. Dr. Patel documented his treatment at 16:05 and noted that Mr. Kimble's chief complaint was pain/swelling that has been present for 2 weeks with a history of callus at the site of pain. Dr. Patel also noted that Mr. Kimble was supposed to be seen by podiatry on the 11th but could not make it because of the weather. It is also noted that Mr. Kimble is able to stand and ambulate without severe issues. Dr. Patel also documented that Mr. Kimble had complaints of myalgias, swelling, stiffness, rash, swelling, and discoloration. Dr. Patel charted that Mr. Kimble's LLE had mild edema from the knee to the foot. He also documented that Mr. Kimble had chronic hyperpigmentation due to post inflammatory issues. Dr. Patel charted that Mr. Kimble had pitting edema of his extremities and that he had a small callus on the Left sole of foot without ulcer. Dr. Patel discharged Mr. Kimble home with Lasix and Cefdnir.

22. On February 17, 2021 at 14:14, Nurse Kathy Johnson documented that she spoke with Mr. Kimble in follow up to his February 12 ED visit. She documented that she was following up on the cellulitis and swelling of Mr. Kimble's Left leg. She charted that Mr. Kimble's swelling had decreased but that the callous between the big toe (Left foot) second toe had split open and was turning colors. It was also documented that Mr. Kimble had a podiatry visit scheduled for February 18, 2021.

23. On February 18, 2021, Mr. Kimble was seen by Lorena Alvarez in the Podiatry Dept. at the Memphis VA Hospital. She documented that Mr. Kimble had a worsening Left foot infection with a toe that started to change colors last Monday. Dr. Alvarez was not able to palpate pulses or detect them with a handheld doppler. Dr. Alvarez also charted that Mr. Kimble had a wound at his submet head 1 with an ulcer but no purulence was expressed. She also noted that the wound did have a malodor and erythema. She also charted that she could probe the wound to the bone and that it was likely that Mr. Kimble had osteomyelitis. She referred Mr. Kimble to the ED for at least IV antibiotics.

24. Mr. Kimble left the Podiatry Dept. and went to the ED as instructed on the 18th. He was triaged by Paul K. Brown. Mr. Brown noted that Mr. Kimble's chief complaint was infected open wound on Left foot. Mr. Kimble's vitals were documented as, temp. 98.5, P 105, RR 18, BP 128/74, pain 8, O2 100%. Mr. Kimble was seen by vascular surgery's Dr. McGurrin, who recommended antibiotics and continued treatment of localized cellulitis. He diagnosed Mr. Kimble with cellulitis/necrosis of Left great toe. He noted that Mr. Kimble may need an MRI eventually and amputation. Dr. McGurrin also noted that Mr. Kimble had past medical history significant for PAD, DM with peripheral neuropathy and hyperglycemia.

25. Mr. Kimble's ED provider on the 18th was noted to be Brian A Lindsey. He documented Mr. Kimble's chief complaint as Left foot wound, foul odor with continued progression of infection over the past 5 days with worsening appearance, including darkening of the skin and pain and foul odor. Mr. Lindsey noted that Mr. Kimble was referred to the ED for lack of palpable pulses in the Left foot. It was charted that Mr. Kimble had moderate circumferential edema throughout the Left leg. Mild discoloration/hemosiderin deposition, consistent with venous insufficiency. Mr. Kimble was also noted to have a 5x5 area of erythematous and necrotic tissued noted to medial aspect of the Left great toe/MTP joint. Mr. Lindsey also charted a mild ulceration at the central aspect of the lesion/wound. He also charted that Mr. Kimble did not have palpable Dorsalis and posterior malleolus pulses. Mr. Kimble was also noted to have WBC of 14.74 which was noted to be high and capillary refill of greater than 4 seconds in his Left foot.

26. Mr. Kimble was also seen by general surgery on February 18, 2021. He was seen by Dr. Carter Ennis McDaniel, III, M.D. Dr. McDaniel noted that Mr. Kimble had a necrotizing soft tissue infection of the Left foot. The plan was noted for an open amputation of Mr. Kimble's Left foot to control the infection. General Surgery doctors also noted that Mr. Kimble's Left foot had gangrenous changes along Left 1st toe with maceration at base of Left 1st toe. They also charted that there was an area of skin breakdown along

9

medial aspect of metatarsal head without bone exposed. Erythematous skin changes with associated edema tracking up dorsum of foot and ankle was also noted. Mr. Kimble's foot was also noted to be tender to palpation along the toe and plantar surface.

27. Infectious disease doctors also saw Mr. on February 18. They diagnosed Mr. Kimble with a gangrenous Left foot and noted that Mr. Kimble had been seen in the ED on 2/7 and 2/12, where he was diagnosed with cellulitis and given IM and by mouth antibiotics. They also noted that Mr. Kimble's Left foot began draining purulent material 3 days prior.

28. Ultimately, Mr. Kimble had to undergo multiple surgeries and lost his leg below the knee. Mr. Kimble now has a prosthesis for his Left leg and has gone through extensive rehabilitation. Mr. Kimble is still trying to get acclimated to his prosthetic limb.

29. It was not until February 18, 2021 that Mr. and Mrs. Kimble were first informed that Mr. Kimble may need to have his Left foot amputated due to an uncontrolled infection. It was at this time, at the earliest, that Mr. and Mrs. Kimble could have suspected that the medical care and treatment Mr. Kimble was receiving beginning on January 11, 2021 may have been below the standard of care.

30. It is the employment relationship between the care providers, as noted in the medical records of Plaintiff, Garland Kimble and as noted herein that provided medical care, treatment and services at the VA Hospital -- Memphis and the Department of Veterans Affairs which forms the jurisdictional basis for the filing of this Federal Tort Claim and subsequent claims and lawsuit.

31. The Department of Veterans Affairs upon information and belief is the federal agency responsible for the employees, agents, servants, medical personnel and/or staff at the VA Hospital in Memphis, and it is the negligent acts and/or omissions of the employees, agents, servants, medical personnel and/or staff that provided medical care, treatment and services to Mr. Kimble as noted in his medical records and herein. Further, it is believed that all care providers were acting within the course and scope of their

employment during the time frame set out herein that caused the severe personal injuries of a past, present and permanent nature. Therefore, the Department of Veterans Affairs is liable to Mr. Kimble for the foreseeable personal injuries he suffered, under the legal theories and/or doctrines of *Respondeat Superior*, vicarious liability and/or agency principles and Mrs. Lottie Kimble has a derivative claim for loss of consortium based on the injuries to her husband, Plaintiff Garland Kimble.

**TORTS-MEDICAL NEGLIGENCE AND DEVIATIONS FROM THE STANDARD OF CARE**

32. It is the claims of Plaintiffs that the VAMC located in Memphis, Shelby County, Tennessee, by the acts and omissions of its treating physicians, medical personnel, staff, agents, representatives and/or employees to include, but not limited to the identified care providers in this Complaint and as otherwise may be determined or discovered from the medical records of Plaintiff, Garland Kimble, maintained by the Defendants, United States of America, and United States of America d/b/a Memphis VA Medical Center, and others not yet known or identified from the medical records and that may be identified later, breached the standard of care for the medical community of Memphis, Shelby County, Tennessee and as such directly and proximately caused the tortious injuries and damages of a past, present and permanent nature that Plaintiff, Garland Kimble, would not have otherwise sustained except for the negligent deviations from the standard of care on the part of the treating physicians, medical personnel, staff and/or employees being any and all care providers of Mr. Kimble (e.g. physicians, nurses, radiologists, technicians and otherwise) at the VA Medical Center in Memphis in the following particulars:

(a) Negligently failing to timely detect the deteriorating condition of Mr. Kimble's Left foot;

(b) Negligently failing to timely perform lower extremity angiography;

(c) Negligently failing to timely diagnosis Mr. Kimble's invasive Left foot infection prior to February 18, 2021;

(d) Negligently failing to timely detect Mr. Kimble's Left foot infection;

11

(e) Negligently failing to timely order and perform diagnostic studies to address Mr. Kimble's Left foot infection;

(f) Negligently discharging Mr. Kimble on February 7 and February 12 from the ER;

(g) Negligently failing to address Mr. Kimble's complaints of Left foot pain;

(h) Negligently misdiagnosing Mr. Kimble's condition on February 7 and 12, 2021;

(i) Negligently treating Mr. Kimble's Left foot on January 11 and 26, 2021;

(j) Negligently failing to timely refer Mr. Kimble for a surgery consult prior to the need for amputation.

## **INJURIES AND DAMAGES**

33. As a direct and proximate result of the medical negligence on the part of the named Defendants, United States of America, United States of America d/b/a/ Memphis VA Medical Center, and said Defendants' employees, agents, servants, and/or representatives being the care providers of Plaintiff, Garland Kimble at Memphis VA Medical Center and as otherwise may be determined or discovered from the medical records of Plaintiff, Garland Kimble, maintained by the Defendants, United States of America, and United States of America d/b/a Memphis VA Medical Center, and others not yet known or identified from the medical records and that may be identified later, Plaintiff, Mr. Kimble sustained the following injuries and damages for which he seeks recovery:

      (a)    Unnecessary physical pain and suffering;

      (b)    Unnecessary emotional pain and suffering sustained;

      (c)    Past, present and future medical expenses that would not have been necessary but for the negligence;

      (d)    Loss of Mr. Kimble's Left foot;

    (e)    Loss of enjoyment and quality of life;

    (f)    Unnecessary permanent impairment;

    (g)    Depression;

    (h)    any and all other relief as justice requires under the facts of the case.

35. Plaintiff, Lottie Kimble brings a claim for loss of consortium with her husband as a result of the negligence by the Defendants, which includes but is not limited to the loss of love, services and society.

## **PRAYER FOR RELIEF**

**36.** **WHEREFORE, PREMISES CONSIDERED,** Plaintiffs, Garland and Lottie Kimble, file this action for Health Care Liability against the Defendants, United States of America and United States of America d/b/a Memphis VA Medical Center and said Defendants' employees, agents, servants, and/or representatives being the care providers of Plaintiff, Garland Kimble at the Memphis VA Medical Center, for compensatory damages for unnecessary pain and suffering, unnecessary emotional pain and suffering, loss of consortium and as otherwise noted above, in the amount of one million five hundred thousand ($1,500,000.00) dollars.

Respectfully submitted this 5th day of February 2024,

s/ Louis P. Chiozza, Jr.
Louis P. Chiozza, Jr., BPR# 8871
Christopher W. Lewis, BPR 031497
Attorneys for Plaintiffs
Law Office of Louis P. Chiozza, Jr. & Associates
230 Adams Avenue
Memphis, Tennessee 38103
Office: (901) 526-9494
Fax: (901) 526-9970
Emails: Lou@chiozzalaw.com
Chris@chiozzalaw.com